UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGEL L. ROSA,

    Plaintiff,

v.                                                                                          Case No.  8:13-CV-2425-T-30EAJ

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

**ORDER**

Plaintiff is a State of Florida prisoner confined at Hardee Correctional Institution ("HCI") and proceeding *pro se*.  It appears that he is attempting to commence a civil action under 42 U.S.C. § 1983 for civil rights violations alleged to have occurred at both HCI and Charlotte Correctional Institution ("CCI"). He filed a motion for a temporary restraining order (Dkt. 1).  He did not, however, pay the filing fee, request leave to proceed *in forma pauperis*, or file a complaint to initiate an action.

A complaint is necessary for the commencement of a civil action. Fed. R. Civ. P. 3. Any complaint must contain "a short and plain statement of [Plaintiff's] claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8.

Furthermore, Plaintiff must pay the $ 350 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed *in forma pauperis* and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a)(1). Section 1915(a)(2) requires "a prisoner

seeking to bring a civil action without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." In order to proceed, Plaintiff must either pay the filing fee or comply with the *in forma pauperis* statute.

Unless Plaintiff completes each of these requirements there is no basis for entertaining or granting a motion for a temporary restraining order.

Plaintiff is cautioned that he cannot represent the interest of other inmates, and indigent prisoners are not permitted to bring an action on behalf of other inmates or themselves without each inmate being responsible for the $ 350.00 filing fee. (See Dkt. 1 at p. 11). *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *James v. Adams*, No. 3:09-cv-915-J-34JRK, 2010 U.S. Dist. LEXIS 132213, 2010 WL 51611642, at *8 (M.D. Fla. Dec. 14, 2010) ("Plaintiff's request for injunctive relief on behalf of CM prisoners housed at FSP is improperly before this Court. Plaintiff cannot represent the interests of other inmates; they may initiate their own separate civil rights actions and seek relief."). Also, Fed. R. Civ. P.18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." F.R.C.P. 18(a). However, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits,

not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act ["PLRA"] limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d at 607.

Finally, many of Plaintiff's allegations involve defendants who are employed at CCI, which is located in the Fort Myers Division of the Middle District of Florida, and any allegations against those individuals must be filed in a separate complaint in that division.

Accordingly, the Court **ORDERS** that:

1. Plaintiff's application for a temporary restraining order (Dkt. 1) is **DENIED** without prejudice.

2. The Clerk of the Court shall send to Plaintiff the 42 U.S.C. § 1983 form complaint and an application for leave to proceed *in forma pauperis* used in this court.

3. The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 20, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*